UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLES SMITH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:15-CV-1897-SPM |
| | ) |
| TROY STEELE, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the undersigned on the petition of Missouri state prisoner Charles Smith ("Petitioner") for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Doc. 3). For the following reasons, the Court will deny the petition.

### I. FACTUAL BACKGROUND

On January 30, 2013, Petitioner pleaded guilty to attempted forcible rape, robbery in the first degree, kidnapping, and three counts of armed criminal action. Resp't Ex. A, at 24; Resp't Ex. B, at 3.[1] On April 25, 2013, the trial court sentenced him to life imprisonment for the attempted forcible rape charge and to concurrent ten-year sentences on each of the remaining charges, to run consecutive to the life sentence. Resp't Ex. A, at 24-26; Resp't Ex. B, at 14.

On August 22, 2013, Petitioner filed his *pro se* motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035. Resp't Ex. A, at 31-36. On January 30, 2014, through counsel, Petitioner filed his amended motion for post-conviction relief. *Id.* at 44-54. In the

---

[1] For Respondent's Exhibits, the Court uses the page numbers of the electronically filed documents.

amended motion, Petitioner asserted a single claim: that his plea counsel was ineffective in failing to sufficiently explain the range of punishment (regarding consecutive sentences) and failing to correct Petitioner's misapprehension that because he had no criminal history, he could expect to receive a sentence between 15 and 25 years. *Id.* at 46. On February 7, 2014, the motion court denied the motion without an evidentiary hearing. *Id.* at 55-59. Petitioner raised the same claim on appeal. Resp't Ex. C. On February 3, 2015, the Missouri Court of Appeals affirmed the motion court's denial. Resp't Ex. E. On February 26, 2015, the Missouri Court of Appeals issued its mandate affirming the denial of post-conviction relief. Resp't Ex. F.

On December 18, 2015, Petitioner filed the instant *pro se* petition for a writ of habeas corpus. (Doc. 1). It is not entirely clear what claims Petitioner is asserting. Reading the petition very broadly, it could be construed to assert several claims of ineffective assistance of plea counsel: (1) failure to explain sentencing issues to Petitioner—in particular, failure to correct Petitioner's belief that he could expect to receive a sentence of no more than twenty to twenty-five years and failure to explain consecutive sentencing—resulting in a plea that was not knowingly and voluntarily entered; (2) failure to check into witness information, including the ethnicity of the victim; (3) failure to follow up with petitioner regarding sentencing prior to the plea date; and (4) failure to obtain letters of personal and professional reference.[2]

## II. LEGAL STANDARDS

### A. Standard of Review

Federal habeas review exists only "as 'a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.'" *Woods v.*

---

[2] The Court's numbering of these claims does not correspond to the numbering of the claims in the petition. In the petition, Petitioner identifies only "Ground One" and "Ground Two," even though he appears to assert up to four claims.

*Donald*, 135 S. Ct. 1372, 1376 (2015) (per curiam) (quoting *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011)). "[I]n the habeas setting, a federal court is bound by AEDPA [the Antiterrorism and Effective Death Penalty Act] to exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003) (citing 28 U.S.C. § 2254). Under AEDPA, a federal court may not grant relief to a state prisoner with respect to any claim that was adjudicated on the merits in the State court proceedings unless the state court's adjudication of a claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court decision involves an "unreasonable application" of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407-08. *See also Bell v. Cone*, 535 U.S. 685, 694 (2002). "Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Jones v. Luebbers*, 359 F.3d 1005, 1011 (8th Cir. 2004) (citations and internal quotation marks omitted). *See also Rice v. Collins*, 546 U.S. 333, 338-39 (2006) (noting that state court factual findings are presumed correct unless the

habeas petitioner rebuts them through clear and convincing evidence) (citing 28 U.S.C. § 2254(e)(1)).

### B. Procedural Default

To preserve a claim for federal habeas review, a state prisoner "must present that claim to the state court and allow that court an opportunity to address [his or her] claim." *Moore-El v. Luebbers*, 446 F.3d 890, 896 (8th Cir. 2006) (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). "Where a petitioner fails to follow applicable state procedural rules, any claims not properly raised before the state court are procedurally defaulted." *Id.* The federal habeas court will consider a procedurally defaulted claim only "where the petitioner can establish either cause for the default and actual prejudice, or that the default will result in a fundamental miscarriage of justice." *Id.* (citing *Sawyer v. Whitley*, 505 U.S. 333, 338-39 (1992)). To demonstrate cause, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To establish prejudice, "[t]he habeas petitioner must show 'not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Id.* at 494 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). Lastly, in order to assert the fundamental miscarriage of justice exception, a petitioner must "present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011) (quoting *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006)).

### III. DISCUSSION

### A. The Petition Must Be Dismissed as Untimely

Respondent argues that the Petition must be dismissed because it was not timely filed. Under AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Absent tolling, failure to file within that one-year window requires the Court to dismiss the petition. *See, e.g.*, *Burks v. Kelley*, 881 F.3d 663, 667 (8th Cir. 2018).

The Court first considers when AEDPA's one-year limitations period began to run in this case. AEDPA provides:

The limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1). Respondent argues that the latest of these dates is the one described by § 2244(d)(1)(A)—the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. Petitioner does not object to that argument, and the Court does not find any basis in the record for a finding that any later date applies. After his guilty plea, Petitioner was sentenced on April 25, 2013. Under Missouri Supreme Court Rules

30.01 and 81.04(a), Petitioner had ten days in which to file a notice of appeal. Petitioner did not file a notice of appeal, and thus his conviction became final by expiration of the time for seeking direct review expired on May 5, 2013. On that date, the one-year limitations period began to run. *See, e.g., Taylor v. Wallace*, No. 4:13-CV-2017-SNLJ-ACL, 2017 WL 650599, at *3 (E.D. Mo. Jan. 11, 2007) (where petitioner did not file a direct appeal of his convictions after a guilty plea, the statute of limitations began to run ten days after the petitioner was sentenced and continued to run until filing of motion for post-conviction relief), *report and recommendation adopted*, 2017 WL 633820 (E.D. Mo. Feb. 16, 2017); *Mueller v. Wallace*, No. 4:12-CV-1199-HEA, 2014 WL 7003779, at *3 (E.D. Mo. Dec. 10, 2014) (same).

AEDPA's statute of limitations is tolled while "a properly filed application for State post-conviction . . . review . . . is pending." 28 U.S.C. § 2244(d)(2). In Missouri, post-conviction relief proceedings are not final and remain "pending" for purposes of AEDPA tolling until the issuance of the mandate. *Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006). On August 22, 2013, after 109 days had run on the statute of limitations, Petitioner filed a timely *pro se* motion for state post-conviction relief, thereby beginning the tolling of the limitations period. The limitations period remained tolled until February 26, 2015, when the Missouri Court of Appeals issued its mandate affirming the denial of post-conviction relief. Resp't Ex. F, at 2. At that point, the limitations period began running again; Petitioner had 256 days remaining in the one-year limitations period in which to file his federal habeas petition, making that petition due no later than November 9, 2015. However, Petitioner did not file the instant petition until December 18, 2015—36 days after the 365-day statute of limitations had run. Thus, the instant petition is untimely.

The Court recognizes that AEDPA's one-year statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner "seeking

equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Pace v. DiGugliemo*, 544 U.S. 408, 418 (2005). *Accord Holland*, 560 U.S. at 645. Petitioner has not provided the Court with any facts or arguments to support a finding of equitable tolling, nor has Petitioner responded in any way to Respondent's statute of limitations argument.

Because the petition is untimely, it will be dismissed.

> **B.  In the Alternative, Each of Petitioner's Claims Is Either Procedurally Defaulted or Meritless**
>
> > *1.  Claim One: Ineffective Assistance of Counsel: Failure to Explain Sentencing Issues to Petitioner, Resulting in Guilty Plea That Was Not Knowing or Voluntary*

Even assuming, *arguendo*, that the petition had been timely filed, each of Petitioner's claims would be denied as either meritless or procedurally defaulted. The Court first considers Petitioner's claim that his plea counsel was ineffective because his plea counsel failed to explain sentencing to Petitioner, thereby leading to a guilty plea that was not knowing and voluntary. Specifically, Petitioner asserts that his plea counsel misled him into believing that because he had no criminal history, he could expect to receive a sentence of no more than twenty to twenty-five years. Petitioner also asserts that his plea counsel failed to explain consecutive sentencing to him. Petitioner raised this claim in his amended motion for post-conviction relief, and the motion court denied the claim on the merits, Resp't Ex. A, at 31-36, 55-59. Petitioner then raised this claim in the appeal from the denial of that motion, Resp't Ex. C, and the Missouri Court of Appeals affirmed the motion court's denial of the claim, Resp't Ex. E.

"The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S.

25, 31 (1970)). A defendant who pleaded guilty upon the advice of counsel may challenge the voluntary and intelligent character of that plea through a claim of ineffective assistance of counsel. *Id.* at 56-57. The Supreme Court has held that the two-prong test articulated in *Strickland v. Washington*, 466 U.S. 668, 689 (1984), applies to ineffective assistance claims in the guilty plea context. *Id.* at 57-59. To satisfy the first prong, sometimes known as the "deficient performance" prong, the petitioner must show "that counsel's representation fell below an objective standard of reasonableness." *Hill*, 474 U.S. at 57. To satisfy the second prong in the guilty plea context, known as the "prejudice" prong, the petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

In evaluating this claim, the Missouri Court of Appeals recognized that "[w]hen a defendant pleads guilty, claims of ineffective assistance of counsel are only relevant as they affect the voluntariness and understanding with which the plea was made." Resp't Ex. E, at 5. The Missouri Court of Appeals also noted that "[a] plea must be . . . a knowing and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences of the act" and that "[a] plea of guilty is not made voluntarily if the defendant is misled, or is induced to plead guilty by fraud or mistake, by apprehension, fear, persuasion, or the holding out of hopes which prove to be false or ill founded." *Id.* The court then found that Petitioner's claim was refuted by the factual record:

> At the plea hearing, the State read aloud the range of punishment of each of the charges against [Petitioner], which included a sentence of up to life on the rape and three ACA charges, and [Petitioner] stated to the court that he understood those ranges as recited aloud by the prosecutor. [Petitioner] stated he understood that the range of punishment was five years to life in prison for the attempted rape charge (Count I), three years to life in prison for the ACA charges (Counts II, IV, and VI), ten to thirty years or life in prison for the first-degree robbery charge (Count III), and five to fifteen years in prison for the kidnapping charge (Count V). The court

-8-

> accepted [Petitioner's] plea after finding it had been made knowingly, voluntarily, and with a full understanding of the charges and consequences. [Petitioner] confirmed that his attorney had discussed the range of punishment with him and that he had been advised that he was more likely to receive a lesser punishment if he pled guilty than if he was found guilty at trial. He confirmed that he had talked sufficiently with his defense counsel about his case and counsel had not promised him anything, including what kind of sentence he would receive. [Petitioner] said counsel did not refuse anything asked of him and he was happy with counsel's services. [Petitioner] then reiterated that he wanted to plead guilty to all of the charges.
>
> [Petitioner] does not maintain that counsel promised or threatened him, but only maintains that counsel stated to him that he believed it was "likely" the court would give [Petitioner] a twenty to twenty-five year sentence. A movant's expectation that he will receive a lesser sentence does not make his plea involuntary. *Allen v. State*, 403 S.W.3d 678, 681 (Mo. App. E.D. 2013). Counsel's prediction is not a promise, and the record demonstrates [Petitioner] was fully aware of the ranges of punishment for his crimes, and that the court was the ultimate decision maker with regard to his sentence. [Petitioner] knew and confirmed his awareness that the State was recommending a sentence of life plus ten, which is a consecutive sentence.
>
> Based on the foregoing, we find that [Petitioner] was aware of the possible extent of his sentence. The facts in the record belie [Petitioner's] assertion that he was misled by counsel as to the sentence he would receive and that if he knew the true extent of his possible sentence, he would have chosen to go to trial instead of pleading guilty. Accordingly, counsel was not ineffective and [Petitioner's] plea was knowing and voluntary.

Resp't Ex. E, at 6-7.

The Missouri Court of Appeals' rejection of this claim was not contrary to, or an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of the facts in light of the facts presented in state court. The Missouri Court of Appeals' factual determination that Petitioner was aware that he was facing a sentence of life imprisonment (rather than the twenty to twenty-five-year sentence he says he was expecting) has ample support in the record. The Missouri Court of Appeals cited to specific exchanges at the plea hearing showing that the state explained that the range of punishment for each of five of the counts Petitioner was charged with was up to life imprisonment, and that Petitioner testified that he understood that range of punishment. Resp't Ex. E, at 3. The Missouri Court of Appeals also noted

-9-

that at the plea hearing, Petitioner confirmed that defense counsel had not promised him anything, including what kind of sentence he would receive, and that he was happy with counsel's services. *Id.* at 6. Although it is not clear from the record whether Petitioner understood, prior to entering his guilty plea, the possibility that he might receive a sentence of ten years to run consecutively to the life sentence,[3] it is not plausible or reasonable to believe that Petitioner would have pleaded guilty while aware of the possibility of five concurrent life sentences but would not have pleaded guilty had he been aware of the possibility of one life sentence to run consecutively with a ten-year sentence, nor does Petitioner make such an allegation. Because Petitioner was plainly aware that he could receive a sentence of up to life imprisonment on each of five counts he was charged with, it was not unreasonable for the Missouri Court of Appeals to find that the record refuted Petitioner's contention that he would not have pleaded guilty had his counsel not misled him into believing he would receive no more than twenty to twenty-five years and explained consecutive sentences to him.

The Missouri Court of Appeals reasonably found that the record refuted Petitioner's claim that Petitioner would not have pleaded guilty had his plea counsel better explained his possible sentence, and that thus Petitioner could not establish the prejudice necessary to establish an ineffective assistance claim under *Strickland*. *See United States v. Regenos*, 405 F.3d 691, 693 (8th Cir. 2005) (defendant could not show prejudice under *Strickland* based on counsel's alleged failure to inform her about the length of a sentence, where the plea court had explicitly informed

---

[3] The record shows that Petitioner was made aware at the sentencing hearing, *after* the guilty plea had been entered and accepted, that the State was seeking a sentence of life imprisonment plus ten years, to run concurrently. Resp't Ex. E, at 3; Resp't B, at 8-9. However, the record currently before the Court is silent on the question of whether Petitioner was aware, prior to entering his guilty plea, that any of his sentences would (or might) run concurrently.

the defendant about the length of the sentence and the defendant had testified that she understood the sentence). Therefore, even assuming the petition had been timely filed, Claim One would be denied.

## 2. *Claims Two, Three, and Four*

Respondent argues that all of Petitioner's claims other than Claim One (failure to explain sentencing issues) have procedurally defaulted. The Court agrees. Petitioner did not raise these claims either in his amended motion for post-conviction relief or in his appeal from the denial of that motion. An ineffective assistance of counsel claim is procedurally defaulted if a petitioner fails to raise it in either an amended motion for post-conviction relief or in the appeal from the denial of a motion for post-conviction relief. *See Interiano v. Dormire*, 471 F.3d 854, 856 (8th Cir. 2006) (claims of ineffective assistance of counsel not presented in motion for post-conviction relief or appeal to the Missouri Court of Appeals are procedurally defaulted). Because these claims have been defaulted, the Court cannot reach the merits of these claims unless Petitioner can show "either cause for the default and actual prejudice, or that the default will result in a fundamental miscarriage of justice." *Moore-El v. Luebbers*, 446 F.3d 890, 896 (8th Cir. 2006).

Petitioner offers no basis for a finding that there is cause to excuse the procedural default of any of these claims. Further, Petitioner cannot avoid the procedural bar under the fundamental miscarriage of justice exception. To satisfy the fundamental miscarriage of justice exception, a petitioner must "present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011) (quotation marks omitted). Petitioner does not allege any facts to support the existence of new evidence affirmatively demonstrating his innocence.

For all of the above reasons, the Court finds that Petitioner's claims of ineffective assistance of counsel based on failure to check into witness information, failure to follow up with petitioner regarding sentencing prior to the plea date, and failure to obtain letters of personal and professional reference have been procedurally defaulted. Thus, even assuming that these claims had been timely filed, the Court finds that these claims must be denied.

IV. **CONCLUSION**

For all of the above reasons, Petitioner is not entitled to federal habeas relief. Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order in a 28 U.S.C. § 2254 proceeding unless a circuit judge or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). To grant such a certificate, the judge must find that the petitioner "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citation omitted). The Court finds that reasonable jurists could not differ on Petitioner's claims, so the Court will not issue a certificate of appealability. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue because Petitioner has failed to make a substantial showing that he has been denied a constitutional right. 28 U.S.C. § 2253.

A separate Judgment shall accompany this Memorandum and Order.

/s/ Shirley Padmore Mensah
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of March, 2019.